# EXHIBIT #1



P. (313) 777-7LAW   P. (313) 771-5785

September 10, 2024

**SENT VIA CERTIFIED MAIL:**
VillageHealth DM, LLC
Res. Agent: CSC-Lawyers Incorporating Service
3410 Belle Chase Way, Ste. 600
Lansing, MI 48911

RE:   *Janetra Bobo vs. VillageHealth DM, LLC, d/b/a DaVita Oak Park Dialysis, DaVita VillageHealth of Michigan, Inc.*
Oakland County Circuit Court Case No. 2024-209470-CD

Dear Sir/Madam:

Enclosed please find Summons and Complaint filed by our client, Janetra Bobo, against the above-named Defendants.

We look forward to receiving your response.

Very truly yours,

**MARKO LAW, PLLC**

*/s/ Nichole A. Omilion*
Nichole A. Omilion (P86380)
Attorney at Law
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7259 / Fax: (313) 470-2011
nichole@markolaw.com /
alalah@markolaw.com

NAO/am
Enclosures

**MAIN OFFICE:**
220 W. CONGRESS | 4TH FLOOR
DETROIT MI 48226

PLEASE DIRECT ALL MAIL
TO OUR **DETROIT OFFICE**

**MID MICHIGAN OFFICE:**
600 EAST BROADWAY, SUITE 101
MOUNT PLEASANT MI 48858

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 6th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>Oakland COUNTY | SUMMONS | 24-    -CD<br>2024-209470-CD<br>Hon. JUDGE MARY ELLEN BRENNAN |

**Court address**
1200 N. Telegraph Rd., Ste. 404, Pontiac, MI

**Court telephone no.**
(248) 858-0344

| Plaintiff's name, address, and telephone no.<br>JANETRA BOBO | v | Defendant's name, address, and telephone no.<br>VILLAGEHEALTH DM, LLC, D/B/A DAVITA OAK PARK DIALYSIS, DAVITA VILLAGEHEALTH OF MICHIGAN, INC., |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Jonathan R. Marko (P72450)<br>Nichole A. Omilion (P86380)<br>Attorney for Plaintiff<br>220 W. Congress, 4th Floor<br>Detroit, MI 48226 (P313) 777-7529/F: 771-5728 | | This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/27/2024 | 11/26/2024 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

*(Stamp: FILED Received for Filing Oakland County Clerk 8/27/2024 1:28 PM)*

Summons (3/23)  Case No. 24-_____-CD

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE OF SERVICE / NONSERVICE**

☐ I served  ☐ personally  ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)  a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)                     Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   8/27/2024 1:28 PM

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JANETRA BOBO,

        Plaintiff,

-V-

VILLAGEHEALTH DM, LLC,
D/B/A DAVITA OAK PARK DIALYSIS,
DAVITA VILLAGEHEALTH OF
MICHIGAN, INC.,

        Defendant.

2024-209470-CD
Case No. 24-   -CD
Honorable
JUDGE MARY ELLEN BRENNAN

---

NICHOLE OMILION (P86380)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W Congress, Fourth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 470-2011
nichole@markolaw.com
alalah@markolaw.com

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## COMPLAINT

NOW COMES the above-named Plaintiff, JANETRA BOBO, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint against the above-named Defendants, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper because the amount in controversy exceeds this Court's jurisdictional limit, not including costs, interests, and attorney fees.

2. The transactions and occurrences giving rise to this action took place in the County of Oakland, State of Michigan.

### PARTIES

3. Plaintiff Janetra Bobo ("Bobo") is an individual residing in Detroit, Michigan.

4. Defendant VILLAGEHEALTH DM, LLC, is a foreign limited liability company doing business as DaVita Oak Park Dialysis ("DaVita") in Oak Park, Michigan.

5. The actions giving rise to this claim occurred in Oak Park, Oakland County, Michigan.

### FACTUAL ALLEGATIONS

6. Plaintiff, by reference, incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

2

7. Plaintiff Bobo began working for Defendant DaVita Oak Park Dialysis ("DaVita") on April 22, 2024.

8. Defendant DaVita is engaged in personalized care for individuals with end-stage kidney disease in a clinical setting by integrating pharmacy services and direct primary care.

9. Plaintiff Bobo worked with Defendant DaVita as a Dialysis Technician.

10. On April 26, 2024, Plaintiff's manager, Chauntay Simmons, approached her to inquire about her progress in training. Plaintiff Bobo stated she felt uncomfortable administering medication as she was not properly trained and requested assistance.

11. Plaintiff Bobo's request was concurred with a promise to begin training with colleague, Myra Allen, in medication administration at a different location.

12. On or around April 29, 2024, Plaintiff Bobo was removed from the schedule under the impression that she would begin training at another location. However, the transfer did not occur, and she trained on computers at the Oak Park location.

13. On May 20, 2024, Plaintiff underwent a health screening per DaVita, which was required to be conducted prior to training and treating patients on the floor.

14. On May 22, 2024, Plaintiff Bobo received her health screening test results and found that she tested positive for Tuberculosis ("TB").

3

15. On May 23, 2024, Plaintiff Bobo filed a health and safety complaint with OSHA due to DaVita's failure to test her prior to training and treating patients and forcing her to continue to treat patients with her positive TB results.

16. On May 29, 2024, Plaintiff Bobo contacted Human Resources ("HR") to obtain the process of transferring an employee for training. HR informed Plaintiff Bobo that transfers were conducted after an employee had been with DaVita for six months.

17. On May 29, 2024, Plaintiff Bobo went into DaVita's employee schedule and discovered that her name was removed from the schedule.

18. On May 31, 2024, Plaintiff Bobo's name was still removed from the schedule.

19. On May 31, 2024, Plaintiff Bobo's manager, Chauntay Simmons, approached her to discuss the upcoming week's schedule. Plaintiff Bobo was informed to report to DaVita for computer training on June 03, 2024.

20. On June 03, 2024, Plaintiff Bobo reported to work but was immediately summoned to Chauntay Simmon's office.

21. On June 03, 2024, Plaintiff Bobo's employment with DaVita was terminated by Chauntay Simmons.

22. Upon information and belief, Plaintiff Bobo was fired because she had attached her name to her complaint to OSHA for health and safety reasons.

23. Bobo's illegal termination is in violation of Michigan's Whistleblower's Protection Act and the Elliott-Larsen Civil Rights Act.

4

24. As a result of Defendant's actions and/or inactions, Plaintiff has suffered and will continue to suffer harm, including but not limited to:

   a. Stress;
   b. Humiliation;
   c. Emotional Damages;
   d. Non-economic Damages;
   e. Exemplary Damages;
   f. Economic Damages; and
   g. All other injuries to be discovered throughout discovery.

## COUNT I – WRONGFUL TERMINATION IN VIOLATION OF THE WHISTLEBLOWER'S PROTECTION ACT

25. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

26. Plaintiff filed a health and safety complaint to OSHA about Defendants' health and safety violations.

27. Defendants fired Plaintiff because of her reports of violations of law to a public body.

28. Defendants' actions in retaliating against Plaintiff, including, but not limited to, the termination of her employment, was intentional and in disregard for Plaintiff's constitutionally protected rights.

29. The retaliatory conduct of Defendant's and its agents is a violation of Michigan Whistleblower's Act, Mich. Comp Laws 15.362, Mich. State Ann 17.428(3).

5

30. As a direct and proximate result of the violation of Plaintiff's rights, Plaintiff has suffered irreparable injuries and damages including, but not limited to, loss of earnings and earning capacity, past and future lost earnings, mental and emotional distress, embarrassment, humiliation, anxiety, loss of ordinary pleasures of everyday life, and all other damages to be discovered through the course of litigation.

## COUNT II – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (PUBLIC POLICY TORT)

31. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

32. During the course of her employment with Defendants, Plaintiff refused to acquiesce to violations of the law and circumvention of her job duties, as well as objected to illegal practices.

33. For example, Plaintiff refused to violate the following policies:

> Each employer --
>
> (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
> (2) shall comply with occupational safety and health standards promulgated under this Act.
> (b) Each employee shall comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this Act which are applicable to his own actions and conduct.
>
> OSH Act of 1970, Sec. 5

6

34. Plaintiff, in seeing what she believed to be corrupt, illegal, and unethical behavior, refused to violate the law and policies and refused to illegally work with Tuberculosis and endanger the health and safety of the employees and the immune-compromised patients.

35. To establish a claim for medical malpractice, the following elements are required:

> (1) The applicable standard of care;
> (2) That the defendant breached the standard of care;
> (3) That the plaintiff's injuries were the proximate result of the defendant's breach,
> (4) The plaintiff was injured.

*Criag v. Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004)

36. Defendants are a licensed medical facility. MCL 600.5838a

37. Plaintiff reported the medical malpractice of Defendants forcing her work with Tuberculosis and performing job duties she was not adequately trained to perform to Defendants and OSHA.

38. An employee terminated for reporting medical malpractice is considered a violation of Public Policy. *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 532; 854 NW2d 152 (2014)

39. Plaintiff reporting medical malpractice and her refusal to participate in illegal, unauthorized, and absurd behavior is protected under MCL 333.20176a(1)(a):

> (1) A health facility or agency shall not discharge or discipline, threaten to discharge, or otherwise discriminate against an employee regarding the employee's compensation, terms,

7

> conditions, location, or privileges of employment because the employee or an individual acting on behalf of the employee does either or both of the following:
> (a) In good faith reports or intends to report, verbally or in writing, the malpractice of a health professional or a violation of this article, article 7, article 8, or article 15 or a rule promulgated under this article, article 7, article 8, or article 15.

40. Adverse employment actions were taken against Plaintiff for these actions, including termination of employment.

41. Plaintiff's discipline was carried out in retaliation for refusing to work illegally with Tuberculosis and without proper medical training.

42. Plaintiff's discipline violates clearly established public policy of the State of Michigan that an employer may not adversely alter an employee's employment when the reason for termination was the disclosure of the violation of the law or refusal to violate the law.

43. The retaliatory conduct of Defendant's and its agents is a violation of Michigan Public Policy Act, MCL 333.2017a(1)(a) and MCL 333.2017a(1)(a).

44. As a direct and proximate result of the violation of Plaintiff's rights, Plaintiff has suffered irreparable injuries and damages including, but not limited to, loss of earnings and earning capacity, past and future lost earnings, mental and emotional distress, embarrassment, humiliation, anxiety, loss of ordinary pleasures of everyday life, and all other damages to be discovered through the course of litigation.

8

45. Remedies provided under OSHA and MIOAHA are plainly inadequate. *Stegall v Resource Technology Corp*, ___NW3d___; 2024 Mich. LEXIS 1396, at *17 (July 22, 2024)

**WHEREFORE**, Plaintiff Janetra Bobo respectfully requests this Honorable Court enter a judgment against Defendants in such an amount as the trier of fact shall deem fair and just, together with interest, costs and attorney fees, and for such other and further relief as this Honorable Court may deem appropriate in equity, fairness, and good conscience.

Respectfully submitted,

/s/ *Nichole A. Omilion*
Nichole A. Omilion (P86380)
**MARKO LAW, PLLC**
220 W Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: nichole@markolaw.com

Dated: August 27, 2024

---

**PROOF OF SERVICE**

The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on August 27, 2024

☐ US Mail            ☐ Fax
☐ Hand Delivered     ☐ Overnight Carrier
☐ Certified Mail     ☒ E-File/E-Mail

Signature: /s/ Alalah Melendez

9





**MARKO LAW**
220 W. CONGRESS, 4th FLOOR
DETROIT, MICHIGAN 48226

9589 0710 5270 1611 4257 46

CERTIFIED MAIL

US POSTAGE
$009.92
First-Class - IMI
ZIP 48226
09/10/2024
036B 0011833563

VillageHealth DM, LLC
CSC-Lawyers Incorporating Service
3410 Belle Chase Way, Ste. 600
Lansing, MI 48911